IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GARRETT LEVI WICHMAN,<br><br>Petitioner,<br><br>vs.<br><br>TWENTY-SECOND JUDICIAL DISTRICT COURT, CARBON COUNTY, et al.,<br><br>Respondents. | Cause Nos. CV 14-05-BLG-DLC-CSO<br>CV 14-23-BLG-DLC-CSO<br>CV 14-25-BLG-DLC-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

These three cases come before the Court on applications by Petitioner Garrett Wichman for writs of habeas corpus under 28 U.S.C. § 2254. Wichman, a state prisoner proceeding pro se, challenges his convictions and sentences in three separate counties in the State of Montana: Carbon, Yellowstone, and Fergus. Cause No. CV 14-05-BLG concerns a Carbon County judgment. Cause No. CV 14-23-BLG concerns a Yellowstone County judgment. Cause No. CV 14-25-BLG concerns a Fergus County judgment.[1]

---

[1] Due to the interrelated nature of these petitions, venue in the action concerning the Fergus County judgment was transferred to the Billings Division on March 4, 2014. *See* Order (CV 14-25-BLG Doc. 3).

1

Wichman submitted several exhibits with his original petition. In addition, on July 15, 2014, and again on March 2, 2015, the Court ordered Respondents ("the State") to file additional documents regarding the Fergus County action.

## I. Preliminary Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*; *see also* 28 U.S.C. § 2243.

## II. Wichman's Allegations

On February 11, 2014, Wichman was ordered to file a petition or amended petition with respect to each state criminal judgment he intended to challenge. He complied on March 3, 2014.

### A. Carbon County Petition (CV 14-05-BLG-DLC-CSO; State Cause No. DC 12-17)

In Carbon County, Wichman pled guilty to one count of negligent vehicular assault, a violation of Mont. Code Ann. § 45-5-205(1). On or about April 15, 2012, Wichman, under the influence of alcohol, caused a head-on accident, inflicting traumatic brain injury and burns on Stetson Schwend. *See generally* Sentencing Tr. (Doc. 1-10) at 76:24-79:2. On January 24, 2013, Wichman was sentenced to serve ten years in prison, the statutory maximum term, and assessed a $5,000 fine. Am. Pet. (Doc. 12) at 2 ¶¶ 1-5; Mont. Code Ann. § 45-5-205(3); Sentencing Tr. at 137:16-25, 138:19-22.

In this Court (CV 14-05-BLG), Wichman alleges, first, that counsel was ineffective because Wichman's sentence was illegal. Am. Pet. (Doc. 12) at 3 ¶ 15A (referring to Exhibit B1-7 (Doc. 1-5 at 1-33)). Second, he claims "procedural misconduct" by the prosecutor, alleging that charges pending in Yellowstone County were used against him in Carbon County. He asserts that proceedings were held "in a sequence that would not allow the defendant to prove his innocence" and

"leap frogged out of order," preventing both a fair trial and fair sentencing. *Id.* at 4 ¶ 15B. In another document, Wichman also claims that defense counsel's ineffectiveness "increased the petitioner's sentence do [sic] to pending charges in Yellowstone County." Resp. to Order (Doc. 12-1) at 2. Third, he asserts that similarly situated persons must be treated equally. Am. Pet. at 5 ¶ 15C. Fourth, he appears to allege that he should be given credit against his sentence for time he spent wearing a monitoring bracelet for over 8 months. *Id.* at 5-6 ¶ 15D.

### B. Yellowstone County Petition (CV 14-23-BLG-DLC-CSO; State Cause No. DC 12-094)

In Yellowstone County, Wichman was charged with one count of assault with a weapon and one count of criminal mischief. Wichman was arraigned on February 14, 2012 – that is, before he caused the accident underlying the Carbon County sentence. Judgment at 1 (CV 14-05, Doc. 1-8 at 15). Pursuant to a plea agreement, the assault with a weapon charge was dismissed. On August 27, 2013, Wichman pled no-contest to criminal mischief and was committed to the custody of the Department of Corrections for five years, concurrent with the Carbon County sentence. Written judgment was entered on October 9, 2013. *Id.* at 1-2 (CV 14-05, Doc. 1-8 at 15-16). On January 2, 2014, the judgment was amended to clarify that the term imposed was to run concurrently with both the Carbon County sentence and the Fergus County sentence. Order Amending Sentence at 1 (CV 14-

05, Doc. 10-1 at 9).

In this Court (CV 14-23-BLG), Wichman challenges the Yellowstone County conviction and sentence, asserting "ineffective assistance," directing the Court to "exhibits provided in filing brief evidence entered on January 9, 2014." Pet. at 4 ¶ 13A. Second, he contends that he was "misrepresented and given an illegal sentence, and improper judgment was made," "in error of the agreement." *Id.* at 5 ¶ 13B (referring to Exhibit D1-3[2] (CV 14-0, Doc. 1-7 at 1-7)).

### C. Fergus County Petition (CV 14-25-BLG-DLC-CSO; State Cause No. DC 07-07)[3]

In Fergus County, Wichman challenges a judgment revoking previously deferred sentences for arson and felony criminal mischief. Wichman was originally charged in 2007. On November 29, 2010, a previous sentence was revoked, and a five-year deferred sentence was imposed. In March 2013, the court held a sentencing hearing. Wichman was sentenced to serve eight years in the custody of the Department of Corrections on each count, concurrently. The Fergus County sentence was to run concurrently with the Carbon County sentence. Written judgment was entered on March 20, 2013. Sentencing Order and Judgment at 1-2 & ¶¶ 1-4 (Doc. 1-6 at 1-2). Sentencing Order and Judgment at 1 (Doc. 1-6 at 1). On

---

[2] Wichman refers to Exhibit D4 as well, but he did not submit an Exhibit D4.

[3] Cause No. DV 2013-48 or 13-48 is the number of a postconviction action Wichman filed in Fergus County. *See, e.g.*, Order on Sentence at 1 (CV 14-05 Doc. 1-11 at 7). Only the number for the Fergus County criminal case is used in this document.

July 17, 2013, based on Mont. Code Ann. § 46-18-201(3)(a)(iv)(A), the judgment was amended to suspend three years of each term. Am. Sentencing Order and Judgment at 1-3 (Doc. 1-8 at 1-3).

In this Court (CV 14-25-BLG), Wichman challenges the Fergus County sentence. Wichman first claims his sentence was illegal because he received two eight-year sentences to the Department of Corrections with no time suspended. Pet. (Doc. 1) at 4 ¶ 13A. Second, he claims "ineffective assistance," because counsel did not obtain an amended sentence but left him to do it himself by filing pro se. *Id.* at 5 ¶ 13B. He also seeks credit for all time served. *Id.* at 7 ¶16.

### III. Analysis

One or more claims of Wichman's might be unexhausted, defaulted, or time-barred. But a federal court may deny claims on the merits regardless of whether they have been presented in state court, 28 U.S.C. § 2254(b)(2); *Runningeagle v. Ryan*, 686 F.3d 758, 777 n.10 (9th Cir. 2012), and neither the doctrine of procedural default nor the federal limitations period pose jurisdictional bars to a hearing on the merits in federal court, *see Lambrix v. Singletary*, 520 U.S. 518, 522-25 (1997); *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc). The Court will address Wichman's claims on the merits. C*f. Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005).

**A. Carbon County Sentence**

Wichman fails to identify any illegality the Carbon County sentence. Even if his statements in the stack of his own pleadings in other courts were true – and many of them have nothing to do with the Carbon County sentence or even with Wichman – none would demonstrate that his sentence of ten years for negligent vehicular assault was illegal.

The sentencing transcript shows no reason to believe the pending, unadjudicated charges in Yellowstone Court unfairly prejudiced Wichman in the Carbon County action. The nature of the punishment to be imposed in Carbon County was contested at the sentencing hearing. Neither the nature nor the truth or untruth of the pending charge in Yellowstone County was at issue in Carbon County. The point was that Wichman was on supervision in two other jurisdictions when he drank and drove in Carbon County, causing an accident that gravely injured someone else. Even if all charges in the other two jurisdictions had been dismissed, the undisputed fact that Wichman drank and drove and almost killed someone in Carbon County while he was under supervision in two other jurisdictions still would have been relevant for the purpose for which it was used in Carbon County. *See* Sentencing Tr. at 6:18-10:19 (CV 14-05, Doc. 1-10 at 2-3).

Further, if the Yellowstone County action had been adjudicated before Wichman was sentenced in Carbon County, his conviction in Yellowstone County

7

could have justified a no-parole restriction on the Carbon County sentence or a higher fine. It could also have supported the State's filing for a persistent felony offender designation, which would have raised the statutory maximum penalty for the crime from ten years to 100 years. *See* Mont. Code Ann. § 46-18-501; *State v. Anderson*, 203 P.3d 764, 766-68 ¶¶ 8-16 (Mont. 2009) (reaffirming *State v. Hamm*, 818 P.2d 830, 834-35 (Mont. 1991)). Neither occurred. The facts Wichman alleges support no claim for relief.

Although Wichman claims he was treated differently than similarly situated offenders, he fails to identify any facts tending to show unequal treatment. He fails to identify anyone else who was engaged in similar multi-jurisdictional dangerous and criminal activity that culminated in serious bodily harm to an innocent bystander.

Finally, Wichman seeks credit against his sentence for time he served while he "was limited by wearing the Scram unit"[4] and "had an in house monitor and was restricted to time frame limits, as well as probation terms and regulations during pretrial supervision." *See* State's Resp. to Def.'s Mot. at 2 (handwritten notation) (CV 14-05 Doc. 1-7 at 6). Neither federal nor state law requires that a defendant receive credit against a later-imposed sentence for time spent on pre-trial release under supervision. *E.g.*, *State v. Clark*, 182 P.3d 62, 65-66 ¶ 21 (Mont. 2008).

---

[4] As the Court understands it, a scram unit alerts someone if the person wearing the unit consumes alcohol.

Moreover, Wichman did not comply with all conditions of his pre-trial release in Carbon County. *See* Sentencing Tr. at 60:4-67:7, 136:11-18 (CV 14-05 Doc. 1-10 at 15-17, 34). He was not entitled to credit for that time. Thus, all claims against the Carbon County sentence should be denied for lack of merit.

**B. Yellowstone County Sentence**

Wichman fails to identify any illegality in the Yellowstone County sentence. The exhibits he submitted with his original federal petition in January 2014, to which he refers the Court, deal almost exclusively with the actions in Carbon and Fergus Counties. They barely mention the Yellowstone County case.

Even before the judgment was amended, the sentence was imposed to run concurrently with the Carbon County sentence. As the Carbon County sentence was itself imposed to run concurrently with the Fergus County sentence, all sentences were, in fact, running concurrently, before Wichman filed his pro se motion seeking a correction or clarification in the Yellowstone County sentence.

Thus all claims against the Yellowstone County sentence should be denied for lack of merit.

**C. Fergus County Sentence**

Although the proceedings in Fergus County may have been flawed in some respects, Wichman was not prejudiced by any error.

Effective November 19, 2007, Wichman's sentences for arson and criminal

mischief were deferred for a period of five years. Judgment (Doc. 17-6) at 1-2. A felony sentence may be deferred only for a period of three years, not five. Mont. Code Ann. § 46-18-201(1)(a)(i). Wichman had not yet served three years when the first petition to revoke his deferred sentences was filed on January 19, 2010. Case Register Report (Doc. 17-1) at 3 Entry 31; Pet. to Revoke (Doc. 22-1 at 1-2, 5-6). Wichman pled "true" to the allegations of that petition on June 30, 2010. *See* Plea Agreement (Doc. 17-7) at 2. Before disposition of that petition, an amended petition was filed, on May 21, 2010. Case Register Report at 3 Entry 47; Am. Pet. (Doc. 22-2 at 1-2, 5). A second amended petition was filed on August 18, 2010. Case Register Report at 4 Entry 59; Second Am. Pet. (Doc. 22-3 at 1-2, 5-6). Each petition alleged new instances of Wichman's violation (in yet another jurisdiction, Chouteau County) of the conditions of his deferred sentence in Fergus County.

On November 2, 2010, Wichman entered into a plea agreement with the State. He agreed to plead "true" to all allegations of each petition. The parties agreed the sentences should continue to be deferred for a period of five years on condition that Wichman successfully complete Boot Camp. Plea Agreement (Doc. 17-7) at 1, 2, 3 ¶ 2(A). A new sentencing hearing was held on November 22, 2010. Second Judgment (Doc. 17-8) at 1-2. Wichman volunteered to go to Boot Camp. The court held that Wichman's sentences "shall continue to be deferred for a period of five years from November 19, 2007," subject to Wichman's successful

10

completion of Boot Camp and conditions similar to those imposed in the original Judgment. *Id.* at 1, 2-3 ¶¶ 1-3. The second judgment was entered on November 29, 2010. Case Register Report at 4 Entry 71.

Wichman successfully completed Boot Camp on April 16, 2011. *See* Pet. to Revoke (Doc. 22-5 at 5). On December 12, 2011, he moved for release from supervision on the ground that he successfully completed Boot Camp. Mot. for Release (Doc. 22-4) at 1. On December 16, 2011, the State petitioned yet again for revocation. The petition alleged that, about three months after completing Boot Camp, Wichman resumed violating the conditions of his deferred sentence by possessing a firearm, drinking, and failing to report a change of address. Pet. to Revoke (Doc. 22-5 at 1-2, 5-6). A hearing was set for January 5, 2012, and continued to March 6, 2012. Case Register Report at 4-5 Entries 80 and 84-85. Before the hearing, on February 22, 2012, the State filed a supplemental petition alleging that Wichman had been charged with assault with a weapon and criminal mischief in Yellowstone County. Supp. Pet. (Doc. 22-6 at 1, 5-6). Wichman was arraigned on the supplemental petition on March 6, 2012, and a hearing was set for April 30, 2012. Case Register Report at 5 Entries 88-90. Wichman caused the collision in Carbon County on April 15, 2012. On April 27, 2012, the Fergus County court continued its hearing to June 5, 2012. *Id.* Entries 95-96. On June 11, 2012, the State filed a second supplemental petition alleging that Wichman had

been charged on May 31, 2012, with negligent vehicular assault and criminal endangerment in Carbon County and had been drinking in connection with that incident. Second Supp. Pet. (Doc. 22-7 at 1, 5-6).

On March 20, 2013, deferral of Wichman's sentence was revoked and he was committed to the custody of the Department of Corrections for eight years, with no time suspended, on each count of conviction. Judgment (Doc. 17-9) at 2 ¶¶ 1-2. Because all but the first five years of any sentence of commitment to the DOC must be suspended, Mont. Code Ann. § 46-18-201(3)(a)(iv)(A), the judgment was amended on July 17, 2010, to suspend three years of each term. Am. Judgment (Doc. 17-10) at 2-3 ¶¶ 1-2.

One could argue that the trial court's continuation of Wichman's five-year deferred sentence on November 22, 2010, was unauthorized, because reinstatement in November 2010 of the five-year deferred sentence imposed on November 19, 2007, meant that the deferred sentence imposed on November 19, 2007, exceeded three years.[5] But, although the petition was adjudicated three days after expiration of the lawful three-year suspension period, that is, "after the time authorized by statute," it is nonetheless clear that "the court retained jurisdiction because the State filed a timely petition to revoke." *DeShields v. State*, 132 P.3d 540, 543 ¶ 13

---

[5] Wichman does not clearly make this claim. Regardless, the claim is considered because, if the court lacked jurisdiction to re-sentence Wichman on November 22, 2010, the sentence prejudiced him in this and possibly the other actions. But the court did not lack jurisdiction.

12

(Mont. 2006). Consequently, an objection to the form of the sentence would only have resulted in a different sentence. Wichman was not entitled to discharge. And a "different" sentence could have consisted of anything from another three years' deferred sentence – that is, one year longer than the reinstated deferral for five years from November 2007 – up to and including prison sentences of up to 20 years for arson and 10 years for criminal mischief. Mont. Code Ann. §§ 45-6-103(2), -101(3), 46-18-203(7)(a)(iv) (2005). Consequently, Wichman realized substantial benefit from the plea agreement he accepted on November 2, 2010. Foregoing a technical challenge that will not provide permanent relief and fashioning an agreement with a prosecutor that enables the client to stay out of prison is not ineffective assistance of counsel. *See, e.g.*, *Tollett v. Henderson*, 411 U.S. 258, 267-68 (1973).

The interplay of the Fergus County revocation proceedings with Wichman's actions in other jurisdictions also negates a claim that any proceedings were "manipulated" by the State. The first post-boot-camp petition to revoke was filed before Wichman committed crimes in Yellowstone or Carbon County. Wichman continually added to his own troubles, but that was hardly the State's doing. Wichman's conduct was his responsibility, before, during, and after the revocation proceedings in Fergus County.

Wichman is correct that state law mandates suspension of all but the first

five years of a commitment to the custody of the Department of Corrections, so that his eight-year DOC commitments, with no time suspended, were not authorized. Pet. (Doc. 1) at 4 ¶ 13A. But the error was corrected. Am. Judgment (Doc. 17-10) at 2-3 ¶¶ 1-2. It does not matter that Wichman obtained the correction himself by filing pro se rather than through counsel. *Id.* at 5 ¶ 13B.

Finally, federal law confers no entitlement to credit for the time in which Wichman was refrained from violating the conditions of his deferred sentence. State law authorized the judge to award such credit, Mont. Code Ann. § 46-18-203(7)(b), but the judge declined to do so for Wichman "due to his history of violations," Am. Judgment at 3 ¶ 4.

All claims against the Fergus County sentence should be denied for lack of merit.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Wichman's allegations are patently lacking in merit. The Court has taken a hard look at the multiple proceedings against him, but there is no reason to suspect that Wichman's federal constitutional rights were violated. The Court concludes that no reasonable jurist would find a basis for further proceedings. A COA should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Wichman's petitions in each case should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter by separate document in each case a judgment in favor of Respondents and against Wichman.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Wichman may object to this Findings and Recommendation within 14 days.[6] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[6] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

<u>Wichman must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 15th day of June, 2015.

/s/  *Carolyn S. Ostby*  
United States Magistrate Judge