IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| GARRETT LEVI WICHMAN,<br><br>Petitioner,<br><br>vs.<br><br>TWENTY-SECOND JUDICIAL DISTRICT COURT, CARBON COUNTY, et al.,<br><br>Respondents. | CV 14–05–BLG–DLC–CSO<br>CV 14–23–BLG–DLC–CSO<br>CV 14–25–BLG–DLC–CSO<br><br>ORDER |

United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation on June 15, 2015. Judge Ostby found Wichman's claims fail on the merits and recommended his petitions for writ of habeas corpus be denied and dismissed pursuant to 28 U.S.C. § 2254(b)(2). Wichman timely objected to the Findings and Recommendation and is entitled to *de novo* review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons explained, the Court adopts Judge Ostby's Findings and Recommendation in full.

Wichman challenges his convictions and sentences in Montana's Carbon,

1

Fergus, and Yellowstone counties. Judge Ostby found no grounds for granting habeas relief regarding any of Wichman's challenged convictions or sentences.

In Carbon County, Wichman pleaded guilty to negligent vehicular assault and was sentenced to ten years in prison on January 24, 2013. Judge Ostby found Wichman: (1) failed to identify any illegality in his ten year sentence for negligent vehicular assault; (2) failed to identify any facts supporting his allegation of unequal treatment; and (3) was not entitled to credit for time served while he was monitored. She recommended all his claims against Carbon County be dismissed on the merits.

In Fergus County, on March 20, 2013, Wichman's deferred sentences for arson and felony criminal mischief, originally imposed on November 19, 2007, were revoked based on, among other conduct, the conduct that formed the basis of the Carbon County charges described above. The state had filed its original petition to revoke Wichman's deferred sentences on January 19, 2010; but pursuant to a plea agreement, sentencing on that petition was deferred until November 19, 2012, conditioned on Wichman's successful completion of Boot Camp. Following the filing of numerous other petitions to revoke based on new accumulating violations, his deferred sentences were finally revoked on March 20, 2013. He was committed to custody for eight years on each count, with the two

sentences to run concurrently with each other and with the Carbon County sentence.[1] Judge Ostby found that although Wichman's 2007 five-year deferred sentences exceeded the three-year period authorized by Montana Code Annotated § 46-18-201(1)(a)(i), the state court retained jurisdiction for the revocation because the petition was timely filed before Wichman discharged the legal portion of his deferred sentences. *Borgen v. Sorell*, 217 P.3d 1022, 1024 (Mont. 2009)("A *petition* to revoke a suspended sentence must be filed before the sentence expires.")(emphasis added); *DeShields v. State*, 132 P.3d 540, 543 (Mont. 2006).

In Yellowstone County, Wichman pleaded no contest on August 27, 2013, to criminal mischief and was sentenced to five years to run concurrent with his Carbon County sentence. Judge Ostby found Wichman failed to identify any illegality in his concurrent five year sentence for criminal mischief.

Wichman's objections largely repeat the same arguments made in his original petition. He objects to Judge Ostby's findings that his claims against Fergus County lack merit, and reasserts that the five-year deferred Fergus County sentences were illegal because they exceeded the three years authorized by statute

---

[1] The Fergus County court sentenced Wichman with no time suspended on March 20, 2013, but acting pro se Wichman obtained an amended judgment on July 17, 2013, to suspend three years of each term as required by Montana Code Annotated § 46-18-201(3)(a)(iv)(A).

and he had discharged his deferred sentences prior to the revocation.

Wichman argues he is entitled to habeas relief under *Borgen v. Sorrell*. In *Borgen*, the Montana Supreme Court found the legal portion of Borgen's sentence expired before the petition to revoke his suspended sentence was filed. 217 P.3d 1022, 1024. Unlike *Borgen*, the legal three-year portion of Wichman's deferred sentences had not expired before the first petition to revoke was filed on January 19, 2010. His sentence was therefore legal. *DeShields v. State*, 132 P.3d 540 (Mont. 2006). As Judge Ostby found, an objection to the continuation of his deferred sentences in November 2010 beyond the three years would merely have resulted in different sentences.[2] Their continuation was not prejudicial and does not represent a grievous wrong or miscarriage of justice because Wichman violated his conditions of release and the state timely filed petitions for revocation.

Wichman also reasserts his ineffective assistance of counsel claim, arguing that the counsel representing him in Carbon County allowed the state to use "in-factual and unrelated evidence" at his sentencing and furthered no argument regarding credit for wearing a Scram unit. To succeed on an ineffective assistance

---

[2] Wichman's November 2007 sentences imposed a financial obligation to pay victim restitution that would allow up to a six-year deferred sentence to be imposed pursuant to Montana Code Annotated § 46-18-201(1)(a)(ii), thus suggesting Wichman's five-year deferred sentences were entirely legal. (Doc. 17-6 at 5-6).

4

of counsel claim, a petitioner must show (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984). If the petitioner makes an insufficient showing regarding either prong of the test, the other need not be addressed. *Id.* at 697. To demonstrate prejudice, the petitioner must show a reasonable probability that, but for the counsel's deficiency, the results of the proceeding would have been different. *Id.* at 694.

First, the "unrelated evidence" which Wichman refers to as a "Brady implied agreement" is not a Brady violation. *Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2009), is inapposite to his claims of ineffective assistance of counsel. Regarding evidence of Wichman's other conduct, Montana law provides judges with the discretion to consider aggravating circumstances at sentencing, and the totality of Wichman's criminal behavior was therefore properly considered. Mont. Code Ann. § 46-18-101. The state court was entitled to consider Wichman's conduct while on conditional release, and the sentencing transcript referenced shows no unfair prejudice in his sentence with regard to the pending charges in Yellowstone County. It would have been frivolous for his counsel to argue that the judge could not consider the totality of Wichman's conduct. This claim lacks merit.

Second, although Wichman's counsel could have argued for credit for the time Wichman was being monitored with the Scram unit, Wichman cannot show furthering such an argument would have produced different results or that failing to make this argument rendered his sentencing fundamentally unfair. Montana Code Annotated § 46-18-203(7)(b), which allows the state court to consider elapsed time served if a deferred sentence is revoked, is inapplicable to this claim because Wichman was on pre-trial release in Carbon County on a new and separate charge. Even if the statute was applicable, being monitored with a Scram unit is not equivalent to house arrest. *See State v. Clark*, 182 P.3d 62, 65-66 (Mont. 2008). No state or Federal law required the state court to credit Wichman's sentence for time he spent being monitored by the Scram unit. Because he cannot show a reasonable probability that, but for his counsel's alleged deficiency, the results of his sentencing would have been different, Wichman cannot show prejudice and fails to meet the second prong of the *Strickland* test. There is no need to address the first prong. Wichman's claims of ineffective assistance of counsel lack merit.

Because this Court finds no clear error in any of the remaining findings and recommendations, this Court agrees that Wichman's petitions in each case should be denied on the merits and dismissed.

Wichman fails to make a substantial showing of deprivation of a constitutional right. No reasonable jurist could conclude that these actions should proceed on the merits. Therefore, a certificate of appealability is not warranted.

Accordingly, IT IS ORDERED that Judge Ostby's findings and recommendations (Doc. 23) are ADOPTED IN FULL. Wichman's petitions for writ of habeas corpus (Doc. 1) are DISMISSED WITH PREJUDICE. The Clerk of Court shall enter by separate document in each case a judgment in Favor of Respondents and against Wichman.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 7th day of August, 2015.

Dana L. Christensen, Chief Judge
United States District Court